[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-10746
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 18, 2006
THOMAS K. KAHN
CLERK

BIA Nos. A96-276-368 & A97-925-675

JORGE HERNANDO FLOREZ ANGEL,
MARIBEL SANCHEZ PESCA,
PABLO FLOREZ SANCHEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 18, 2006)**

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

## I.

Jorge Hernando Florez-Angel, on behalf of himself, his wife Maribel Sanchez-Pesca and his minor son Pablo Florez-Sanchez ("Petitioners"), petitions this court for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") order of removal and denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Florez-Angel, a native and citizen of Colombia, arrived in the United States in May 2002 on a non-immigrant visa for pleasure. He was later joined by his wife and minor son in May 2003, each of whom also entered the country on non-immigrant visas for pleasure. After remaining beyond the expiration date of the visas, the INS issued notices to appear, charging them with removability for having remained in the United States longer than permitted. Immigration and Nationality Act § 237(a)(1)(B); 8 U.S.C. § 1227(a)(1)(B). Florez-Angel appeared at an initial hearing and conceded his removability. He then applied for asylum, withholding of removal, and relief under the CAT. Sanchez-Pesca and Florez-Sanchez also applied for relief, and the IJ joined the three applications.

Florez-Angel claimed in his asylum petition and in testimony before the IJ that, while in Colombia, he was subjected to threats by the Revolutionary Armed Forces of Colombia ("FARC") because of his political opinion, his membership in the People's Movement, and his work on political campaigns. His wife, Sanchez-

2

Pesca, through her own petition and through the testimony of Florez-Angel, also claimed to have been subjected to threats from the FARC. After considering the evidence, the IJ found that the petitioners had failed to introduce sufficient, concrete, and direct evidence to establish past persecution or a well-founded fear of future persecution in Colombia on account of a protected characteristic. The IJ also made a finding that Florez-Angel had failed to provide consistent and credible testimony in support of the applications. The IJ, therefore, denied the requests for asylum, withholding of removal, and relief under the CAT.

Petitioners appealed to the BIA, which affirmed the IJ's decision. Although the BIA disagreed with the IJ's determination regarding Florez-Angel's credibility, the BIA found that petitioners failed to carry their burden with respect to their applications for asylum, withholding of removal, and relief under the CAT. Petitioners then initiated this petition for review.

## II.

Where the BIA has both issued its own opinion and adopted the IJ's opinion, we review both. The BIA's and IJ's legal determinations are reviewed *de novo*. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). Factual determinations are reviewed under the substantial evidence test, and we must affirm the BIA's decision if it is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft,

3

257 F.3d 1262, 1283-84 (11th Cir. 2001). The substantial evidence test is highly deferential and, to reverse, we must find not only that the evidence supports a contrary conclusion, but that it compels one. INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992); Farquharson v. United States Att'y Gen., 246 F.3d 1317, 1320 (11th Cir. 2001).

### III.

To establish asylum eligibility based on political opinion or any other protected grounds, the applicant must establish with credible evidence (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(b); see also Al Najjar, 257 F.3d at 1287. After meeting this burden, the Attorney General has discretion to grant asylum and this determination "shall be conclusive unless manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D).

While the IJ made an adverse credibility determination with which the BIA disagreed, this court need not address this issue because, even if Florez-Angel was credible, we conclude that the petitioners did not establish their eligibility for relief.

First, petitioners failed to establish the existence of past persecution. As this court has explained, persecution is an extreme concept, requiring more than a few

4

isolated incidents of verbal harassment or intimidation. Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005). After careful review of the record as a whole, we find that the evidence does not compel a finding that Florez-Angel, Sanchez-Pesca, or Florez-Sanchez suffered past persecution as a result of their political opinion or any other statutorily listed factor.

Second, petitioners did not show a well-founded fear of future persecution. If the applicant demonstrates past persecution, there is a rebuttable presumption that he or she has a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1). If the applicant cannot demonstrate past persecution, however, he or she must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable. Ruiz v. United States Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006). After careful review of the record as a whole, we find that the evidence does not compel a finding that petitioners demonstrated that they have a well-founded fear of future persecution.

Finally, as petitioners have failed to satisfy the less stringent standard for asylum, it follows that their claims for withholding of removal and relief under the CAT also fail. Zheng v. United States Att'y Gen., 451 F.3d 1287, 1292 (11th Cir. 2006); Forgue v. United States Att'y Gen., 401 F.3d 1282, 1288 n.4 (11th Cir. 2005); Al Najjar, 257 F.3d at 1293, 1303.

Accordingly, we **DENY** the petition for review.

5